St. Louis & San Francisco Railroad Company *v.* Hill.

Opinion delivered May 14, 1906.

1. Railroad accident—proximate cause.—In an action against a railroad company for the negligent killing of a brakeman in a wreck alleged to have been caused by the defective condition of a certain bridge, it was error to instruct the jury that if the bridge was in a defective condition, and the wreck would not have occurred but for such defect, then such condition was the proximate cause of the wreck; the evidence tending to show that the wreck was caused by the derailment of the train, and not by the defective condition of the bridge, and that if the train had remained on the track the wreck would not have occurred. (Page 80.)

2. Railroad—duty to employees.—A railroad company owes to its employees the duty to use reasonable care and diligence in the construction and maintenance of its bridges solely for the purposes for which they are constructed, towit, the passage of its trains on the track. (Page 80.)

3. Negligence—presumption.—In the absence of a statute providing that, as between master and servant, the occurrence of an accident shall be *prima facie* evidence of negligence, there can be no presumption of negligence in such case. (Page 81.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; reversed.

*L. F. Parker* and *B. R. Davidson,* for appellant.

1. The evidence does not support the verdict. There is no proof that partially undermining one of the mudsills would materially affect the strength of the bridge, or that the undermining of the mudsill caused the train to be wrecked. Under the allegations of the complaint, plaintiff must show that this defect caused the injury. 45 N. W. 1096; 1 Sutherland on Dam. § 30; 2 Labatt, M. & S. § 803; 105 N. Y. 202; 55 Fed. 949; 179 U. S. 658; 166 U. S. 617; 158 N. Y. 73.

2. Appellant was not negligent in failing to provide a bridge that would support a derailed train. It is shown by the proof that the train in this case was off the track before it reached the bridge. 57 N. W. 31; 45 Ark. 318; 38 Atl. 621, and citations *supra* and *postea.* The master is only required to anticipate ordinary and probable consequences, and to provide against

injuries that should be foreseen.  35 Ark. 602; 94 U. S. 469; 153 N. Y. 274; Labatt, M. & S. § 142; *Ib.* § 140; 1 Sutherland on Dam. § 34; 54 Am. Rep. 5.  An unexpected strain put upon an appliance is not fairly within the contemplation of the master where he put it in use.  Labatt, M. &. S. § 146*a*; 148 Mo. 413; 98 Mich. 128.  Appellant had the right to assume that the servants would obey the rules, and not back a train at a dangerous rate of speed.  84 Fed. 944; 51 N. W. 31; Labatt, M. & S. § 142 and note.

3.  The proximate cause of the injury was the fast running and derailment of the train, and this the company could not foresee. Watson on Dam. for Pers. Inj. § § 33, 141, 145; 69 Fed. 528; 74 Fed. 155; Black's Law & Pr. in Accident Cas. § 21; 52 N. H. 528; 158 N. Y. 73; 57 Am. Rep. 602.  In determining the proximate cause, the rule is the injury must be the natural and probable consequence of the negligence.  13 Am. Rep. 264; 19 *Ib.* 631; 85 Pa. St. 293.  The master can not anticipate and provide against disobedience to orders.  128 Fed. 540; Labatt, M. & S. § § 30 b, 590, 608; 37 Atl. 676.  If a new and efficient cause intervenes, then the originating cause is a remote cause.  7 Wall. 44; 77 N. Y. 83; Black's Law & Pr. in Acc. Cas. § 280; 105 N. Y. 202.  Where the injury may have been the result of two or more causes, one as probable as the other, the party can not recover.  133 N. Y. 657; 166 U. S. 619; 179 U. S. 658; Watson, Dam. for Pers. Inj. § 161; 124 Fed. 113.  See also 34 N. E. 233; 8 N. Y. S. 573; 28 Am. Rep. 84; 27 Am. Rep. 653; 56 Ark. 213.

4.  There was no presumption, arising from the fact that a wreck had occurred and an employee was injured, that the company had been guilty of negligence, and the court erred in refusing to so instruct the jury.  44 Ark. 527; 46 Ark. 555; 51 Ark. 467; 104 Fed. 746; 135 Fed. 313; 179 U. S. 658.

*Sam R. Chew* and *Brizzolara & Fitzhugh,* for appellant.

The issue in this case, as made up by the pleadings and proof, is, was the deceased killed on account of a defective bridge which defendant knew, or, by the exercise of ordinary care, should have known, was in an unsafe condition?  Appellee declines to be led away from this, the only issue, into a discussion of issues not raised below.  They will not be considered by the court.  36 Cal. 404.  It was appellant's duty to use ordinary care to see that

the bridge was safe. 2 Labatt, M. & S. § 568, note h and cases cited; 3 Elliott on Railroads, § 1271. A railroad company is liable for the death of an employee caused by the falling of a bridge negligently constructed or maintained by the company as a part of its road. 67 Cal. 607; 95 Mo. 268; 37 Kan. 710; 20 S. W. 955.

BATTLE, J.   Wallace H. Hill was a brakeman on the cars of the St. Louis & San Francisco Railroad Company, and was killed on the 9th day of September, 1903, while engaged in that capacity. Z. T. Hill, his father, was appointed his administrator. As such administrator, he brought this action against the railroad company for damages sustained by him as the next of kin of the deceased. He alleged in his complaint that W. H. Hill was a brakeman on a train of the defendant, and while he was on the train, and it was running on a certain bridge of the railroad company, the bridge gave way and wrecked the train, and inflicted upon Hill, the brakeman, injuries which caused his death; and that the bridge was unsafe, and fell down, and caused the injury complained of, because the defendant carelessly and negligently allowed the waters passing under it to undermine the sills upon which the bents supporting it rested.

The defendant denied the allegations of the complaint. A jury was impaneled to try the issues, and upon a trial returned a verdict in favor of the plaintiff for $1,250.

The bridge mentioned in the complaint was over a stream known as Crowder Creek, and was a part of the railroad of the defendant. In September, 1903, a freight train of the company was derailed; and while it was off the track it ran on the bridge, and caused it to fall and wreck the train. W. H. Hill, a brakeman then in the service of the company, was killed in the wreck. Before and about the time of the accident the bridge was out of line; a cavity about four inches deep and seven or eight inches wide was washed under one of the sills; two of its bents had slipped, one about six inches and the other about twelve inches, and both appeared to be "leaning down the creek." The track, being out of line, had been taken up, aligned and respiked, which did not affect the security of the bridge, as trains heavier than the one derailed had thereafter passed over it in safety. There was nothing to indicate that it would have fallen if the cars had

ARK.] St. Louis & San Francisco Rd. Co. v. Hill. 79

remained on the track. Witnesses differ as to where the train first left the track. Some locate it about one hundred and fifty feet west of the bridge, and another at the west edge of the creek, which we understand to be on the bridge. There was evidence tending to prove that the derailment was caused by the rapid backward movement of the train.

The court, over the objections of the defendant, instructed the jury, in part, as follows:

"If the bridge under the track at the place where the wreck occurred in its supports was in a defective and unsafe condition for the passage of trains, and defendant knew this, or by the exercise of ordinary care on its part ought to have known it, and such defective and dangerous condition of the bridge as to its support, if such condition existed, caused the wreck, and the wreck produced injury to and the death of W. H. Hill, then the defendant is liable for such injury and death, unless W. H. Hill knew, or by the exercise of ordinary care on his part ought necessarily to have known, of such defective and unsafe condition, if there was such defective and unsafe condition.

"9. If the condition of the bridge over Crowder Creek as to its support was in a defective and unsafe condition, and yet the wreck would have occurred notwithstanding such defective and unsafe condition, then the giving way of the bridge, if it did give way, and consequent wreck of the train, if the giving way of the bridge caused a wreck, can not in law be said to have caused the injury and death of Hill. But if the bridge as to its support was in a defective and unsafe condition, and the tender went off the track before reaching the bridge, and the wreck occurred by reason of said defective and unsafe condition of the bridge in its supports and of the tender being off the track, but would not have occurred but for such unsafe and defective condition of the bridge as to its support aforesaid, then such defective and unsafe condition of the bridge in its support is in law an efficient proximate cause of the wreck and of the consequent injury and death of Hill, if the injury and death ensued to him by reason of said wreck."

The defendant asked the court to instruct the jury, in part, as follows:

"6. If you find from the evidence that the bridge was suf-

ficient to support the trains running upon the track, or steel rails, but was not sufficient to support a train which was running, and off the track of steel rails, and that this strain or a portion of it was off the track when it came upon the bridge, and that the fact that it was off the track caused the bridge to give way, you should find for defendant."

And the court refused to give it as asked, but modified it, over the objections of the defendant, and gave it as follows:

"6.  If you find from the evidence that the bridge was sufficient to support trains running upon the track, or steel rails, but was not sufficient to support a train which was running, and off the track of steel rails, and that this train, or a portion of it, was off the track when it came upon the bridge, and that the fact that it was off the track alone caused the bridge to give way, you should find for the defendant."

And refused to instruct the jury, at the request of the defendant, as follows.:

"I charge you that there is no presumption that the company has been guilty of any negligence arising from the fact that a wreck has occurred and an employee has been injured."

Instruction 9 given to the jury over the objection of the defendant is obviously wrong.  It clearly implies, when read in connection with the instruction numbered 8, given by the court over the objection of the defendant, and instruction numbered 6 as modified, that, although the train would have been safe upon the bridge if it had remained on the track, yet the defendant would have been liable for damages if the bridge was not sufficient to sustain the train in safety when it was derailed; in other words, would have been liable for damages if the bridge had not been sufficient to sustain the train while running off the track over it. The court refused to instruct the jury to find for the defendant if they found from the evidence that the bridge was sufficient to support trains running upon the track, and that the derailment of the train caused the bridge to give way, but amended it so as to conform it to instruction numbered 9, and gave it as amended. These two instructions as given were at least misleading.  A railroad company owes to its employees the duty to use reasonable or ordinary care and diligence in the construction and maintenance of its bridges solely for the uses or purposes for which they

are constructed. They must be reasonably sufficient for the purposes intended. *Koontz* v. *Chicago, Rock Island & Pacific Ry. Co.,* 65 Iowa, 224; *Bowen* v. *Chicago, Burlington & Kansas City Ry. Co.,* 95 Mo. 268; *Illick* v. *Flint & P. M. R. Co.* (Mich.), 35 N. W. 708; *Galveston, H. & S. A. Ry. Co.* v. *Daniels* (Texas), 20 S. W. Rep. 955; 20 Am. & Eng. Enc. Law (2 Ed.), pp. 67, 61, and cases cited; 4 Thompson on Negligence, § § 4311, 4251. The bridge in question was constructed solely for the passage of defendant's trains on the track over Crowder Creek. There was evidence tending to prove that it was sufficient for that purpose. There is no evidence to show, and plaintiff does not contend, that the derailment of the train was owing to defects of the bridge. That being true, the derailment did not prove that the defendant was negligent in the construction or maintenance of the same.

The court erred in giving instruction numbered 9 and modifying instruction numbered 6.

The court should have instructed the jury, at the request of the defendant, as follows: "I charge you that there is no presumption that the company has been guilty of any negligence arising from the fact that a wreck has occurred and an employee has been injured." In the absence of a statute providing that, as between master and servant, the occurrence of an accident shall be *prima facie* evidence of negligence, there can be no presumption of negligence in such case; for "a rudimental principle of law and logic is that wrong is not to be presumed." *St. Louis, I. M. & S. Railway* v. *Harper,* 44 Ark. 527-529; *St. Louis, I. M. & S. Railway* v. *Gaines,* 46 Ark. 555; *St. Louis, I. M. & S. Railway* v. *Rice,* 51 Ark. 467-479; *Patton* v. *Texas & P. Ry. Co.,* 179 U. S. 658.

Reverse and remand for a new trial.

HILL, C. J., being disqualified, did not participate.