FLETCHER v. FREEMAN-SMITH LUMBER COMPANY.

Opinion delivered March 13, 1911.

1. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—In a suit by a railway brakeman for injuries received while making a coupling, an instruction that if there were two ways in which the plaintiff could have acted in making the coupling, one to stand on the outside and signal the engineer and the other to go between the cars without signalling from the outside, and if the latter was the more dangerous way, and plaintiff chose the latter way, then the verdict must be for defendant, was erroneous as invading the province of the jury, and as making the plaintiff the insurer of his own safety. (Page 205.)

2. APPEAL AND ERROR—HARMLESS ERROR.—The exclusion of testimony tending to prove an alleged defect in the brake of the engine was not material where the engineer never saw plaintiff's signal to stop and where therefore the defective condition of the engine was not the cause of the injury. (Page 205.)

3. MASTER AND SERVANT—DUTY OF TRAINMEN TO KEEP LOOKOUT.—The lookout statute is not applicable to co-servants engaged in the operation of a train. (Page 206.)

4. SAME—PRESUMPTION OF NEGLIGENCE.—As between co-servants operating the same train, there is no presumption from the happening of the injury. (Page 206.)

5.  SAME—ASSUMED RISK.—Where a brakeman received injuries at his accustomed place of work, the risk of danger from the steepness of the grade, being open to his observation when he took service, was assumed by him. (Page 206.)

Appeal from Calhoun Circuit Court; *George W. Hays,* Judge; reversed.

*J. S. McKnight* and *Carmichael, Brooks & Powers,* for appellant.

1. The court erred in excluding the testimony of the machinist, Farnsworth. The rule admitting the declarations of an agent as binding upon the principal should govern as to this testimony. 1 Greenleaf on Evidence (15 ed.) 173, § 114. See also 100 S. W. 162; 102 S. W. 755; 67 Ark. 306.

2. The court erred in giving instruction numbered 1, wherein it is stated not only that negligence could not be presumed against the defendant, but also in effect that the burden was upon the plaintiff to prove that he was injured as a direct result of some negligent act of defendant alleged in the complaint, etc. Proof of injury by the operation of a train makes a *prima facie* case, and the burden is then upon the defendant to prove that it was not negligent. Kirby's Dig. § 6773; 88 Ark. 204; 87 Ark. 581; *Id.* 308; 83 Ark. 217.

3. Instruction No. 4, given at appellee's request, is not the law. It is a clear invasion of the right of the jury to say whether or not, under the evidence, the appellant acted as a reasonably prudent person should act under the circumstances, and whether or not his method of proceeding contributed to his injury.

4. The court erred in amending the fourth instruction requested by appellant by striking out the clause relative to the negligent building of appellee's railroad. There is no proof that appellant knew of such negligent construction or that he appreciated the danger thereof. And it was also error in the court to refuse to charge the jury with reference to appellee's duty to keep a constant lookout for the safety of others while performing the duties of their employment. Kirby's Dig. § 6607; 88 Ark. 204; 83 Ark. 68; 80 Ark. 528.

*Gaughan & Sifford,* for appellee.

1. The testimony of the witness, Farnsworth, was properly excluded. Slow-working or defective brakes on the engine had

nothing to do with the accident. Moreover, his information was derived from Christian's report, who was present and testified.

2. There is no presumption of negligence against appellee arising from the fact of injury to the appellant, and the jury were properly instructed that before he could recover he must allege and prove that he was injured as a direct result of some negligent act on the part of the defendant. 79 Ark. 81; 90 Ark. 331.

McCULLOCH, C. J. The plaintiff was employed by defendant to assist in the operation of a log train by which defendant's logs were transported. He was a brakeman, and it was a part of his duties to couple cars. While performing that particular service, he received personal injuries, alleged to have been caused by negligence of other employees of defendant, and he sues to recover damages. The injury occurred on a spur track in the woods near a log camp. The engine was backing in on the spur to take out some log cars. Plaintiff was on the engine, and when it got in about twenty-five yards of the car to be coupled he got down from the engine and ran ahead to make the coupling. He testified that when he reached the car the engine was about eight feet distant, coming at the rate of about six miles per hour; that he went in between the engine and the car and raised the pin preparatory to making the coupling, but discovered that the car was too high for the reach of the engine; that he did not have time to change the reach or to get out, and he signalled the engineer to stop, but that the engineer failed to stop and ran the engine against him, mashing him between the tender and the ends of the logs on the car. He testified further that if the engineer had been in his proper place on the engine he could have seen the signal in time to stop.

It is alleged in the complaint that the brake of the engine was so defective that when backing down a steep grade it would not hold, and that the injury was caused either on account of the negligence of defendant in allowing the engine to get out of repair in that particular, or on account of the negligence of the engineer in failing to stop the engine. It is also alleged in the complaint that defendant was guilty of negligence in building the spur on the side of a hill where the grade was so steep.

The defendant in its answer denied the charges of negli-

gence, and pleaded contributory negligence of plaintiff. The trial before jury resulted in a verdict in defendant's favor, and the plaintiff appealed.

The court gave the following instruction over plaintiff's objection:

"4. The jury are instructed that if you believe from the evidence that the engineer backed the engine down to the coupling under control, and that there were two ways in which the plaintiff could have acted in making the coupling, one to stand on the outside and signal the engineer to stop or slow down, and that this was the safer way, and that the other way was to go in and attempt to make the coupling between the cars without having first from the outside done such signaling, and that the latter was the more dangerous way, and that plaintiff chose the latter way, then your verdict must be for the defendant."

This instruction was erroneous, and should not have been given. It made the plaintiff the insurer of his own safety. The jury should have been allowed to say whether or not it constituted negligence for plaintiff to attempt to make the coupling in the way he did. *Choctaw, O. & G. Rd. Co.* v. *Thompson,* 82 Ark. 11; *Kansas City S. Ry. Co.* v. *Henrie,* 87 Ark. 443; *Headrick* v. *H. D. Williams Cooperage Co.,* 97 Ark. 553.

Error of the court is assigned in excluding the testimony of witness Farnsworth as to the alleged defect in the brake of the engine. We need not discuss that assignment for the reason that the exclusion of the testimony on that point was not prejudicial. There was no testimony tending to show that the engineer saw the signal, or that he attempted to stop the engine. On the contrary, the evidence is undisputed that the engineer did not see the signal, if plaintiff gave one. The defective condition of the engine was not the cause of the injury.

Plaintiff was, however, entitled to go to the jury on correct instructions submitting the question of alleged negligence on the part of the engineer in failing to discover plaintiff's signal and stop the engine after the latter's position became perilous. The lookout statute is not applicable to co-employees engaged in the operation of a train, but the court correctly instructed the jury as to the duty of the engineer, and there can be no just complaint of the court's ruling in that respect.

The court gave an instruction to the effect that there is no presumption of negligence on the part of defendant's servants, and that it devolved on the plaintiff to prove the alleged acts of negligence. This was correct. As between co-employees operating the same train, there is no presumption of negligence. *Fordyce* v. *Key*, 74 Ark. 19; *St. Louis, I. M. & S. Ry. Co.* v. *Hill*, 79 Ark. 76; *Chicago Mill & Lumber Co.* v. *Cooper*, 90 Ark. 326.

It was not error to modify the fourth instruction requested by plaintiff as to assumption of risk of danger by reason of alleged negligence in building the track on the steep grade. The spur track where plaintiff received injury was his accustomed place of work, and the grade was open to his observation when he took service. He assumed the risk of all danger from that source. *Davis* v. *Railway*, 53 Ark. 117; *Choctaw, O. & G. Rd. Co.* v. *Thompson, supra; York* v. *St. Louis, I. M. & S. Ry. Co.*, 86 Ark. 244; *Arkansas Midland Ry. Co.* v. *Worden*, 90 Ark. 407.

For the error in giving the aforementioned instruction on the subject of contributory negligence, the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.