FLETCHER *v.* FREEMAN-SMITH LUMBER COMPANY.

Opinion delivered November 11, 1912.

1. MASTER AND SERVANT—NEGLIGENCE.—In an action by a brakeman for the negligence of the engineer in failing to catch his signal to stop the engine in time to prevent injuring him, the burden is on the plaintiff to show that he gave the signal in such a manner that it could be seen by the engineer. (Page 232.)

2.  SAME—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.—Testimony of an
    expert engineer that a skilled engineer, even without getting a signal,
    could see the bulk of the car which plaintiff was endeavoring to couple
    to the tender, and that he ought to have been able to discover when
    the end of the "reach" of the tender, about thirty-six inches long,
    passed the drawhead of the car, and that the engine could have been
    stopped in a distance of eight inches when the brake was applied, is
    insufficient to support a charge of negligence on the engineer's part.
    (Page 232.)

3.  APPEAL AND ERROR—EXCLUSION OF EVIDENCE—PREJUDICE.—Refusal
    to permit appellant to propound certain questions to a witness was
    not prejudicial error where it does not appear what appellant expected
    to prove by him.  (Page 233.)

Appeal from Calhoun Circuit Court; *George W. Hays,*
Judge; affirmed.

*J. S. McKnight* and *C. Hamilton Moses,* for appellant.

Where there is any evidence tending to prove the issues
in favor of either party to a suit, even though it be conflicting,
or if the evidence is such that reasonable minds might draw
different conclusions therefrom, it is the province of the jury
to pass upon such evidence.  89 Ark. 522; 97 Ark. 347;
*Id.* 353.

This court has held that where there is *no* evidence upon
which a verdict could be found by the jury, the trial court
may then direct a verdict.   57 Ark. 461-6; 35 Ark. 155; *Id.* 499.

*Gaughan & Sifford,* for appellee.

MCCULLOCH, C. J.   This cause was formerly here on
plaintiff's appeal, and was reversed on account of the trial
court's error in giving a certain instruction.  *Fletcher* v.
*Freeman-Smith Lbr. Co.,* 98 Ark. 202, 135 S. W. 827.

The second trial resulted in another verdict in favor
of defendant, the court giving a peremptory instruction, and
the plaintiff again appealed.

There is a slight difference in the testimony given in the
two trials, and it therefore becomes necessary to restate the
facts.   Plaintiff was brakeman on a log train operated by
defendant in the course of its business, and one of his duties
was to couple cars.   He was injured while attempting to
couple to the end of the tender a car loaded with logs as the
engine and tender backed on a spur track on which the log
car was situated.   He went in between the rails, and, after

adjusting the coupling pin on the log car, took hold of the iron bar or "reach" as it is called, which serves as the connection, but, as it came in contact with the drawhead of the car, he saw that it was too low to connect, and then attempted to signal the engineer to stop. Before the engine was stopped, he was caught between the ends of the tender and the car, and his leg was mashed. He charges in his complaint that the engineer was guilty of negligence in failing either to get the signal or to stop the engine after the signal was given. Does the evidence, viewing it in the strongest light, sustain that charge? The evidence is uncontradicted that the engineer was at his place in the cab of the engine, where he could have seen the signal if it was properly given. He testified that he was looking for a signal, and would have seen it if given. Plaintiff testified that he was between the rails, and gave a signal with his hand, but could not remember whether he gave it by throwing his hand upward or outward—that it could have been seen from the engine cab if he gave it by an outward movement of his hand, but not if given by an upward movement. At least, he stated that he did not know that it could have been seen if given by an upward movement with the hand. The burden was on plaintiff to show that he gave the signal in such a manner that it could be seen by the engineer in the cab while in proper position to receive it. This he did not do, and has therefore failed to make out his case.

He attempted in another way to make out a charge of negligence against the engineer in failing to stop the engine in time to prevent injuring him. He introduced another witness who testified as an expert on the subject of operating that kind of an engine, that a skilled engineer, even without getting a signal, could see the bulk of the car from his seat in the cab, and could gauge the distance so as to discover the failure of the coupling to make successfully at the proper time. He stated that the engineer ought to have been able to discover when the end of the reach passed the drawhead of the car, and that the engine could have been stopped in a distance of eight inches while going at the rate of speed it should have traveled while approaching to make a coupling. We understand from this that the engine could have been stopped in eight inches when the brake was applied. The bar or reach is shown to be from thirty to thirty-

six inches long; therefore the engine only had to travel that distance after the end of the reach passed the drawhead of the car before the end of the drawhead collided with the tender. Now, it can not be assumed from the testimony of the expert that the engineer, without being able to see more than the bulk of the car, and not the drawhead itself, could gauge with mathematical exactness just when the end of the reach would pass the drawhead without coupling successfully. Yet, in order to convict him of an act of culpable negligence, it must be based on a failure, during the time the engine traveled a distance of thirty of thirty-six inches, to realize that the reach had passed the drawhead and then stop the engine, which required a distance of eight inches after he applied the brake. In other words, he is charged with negligence because he failed, in that short a distance, to discover that the coupling had failed to make and to apply the brake so as to stop the car before the collision occured. We think that is too narrow a margin of time and distance, under the circumstances of this case, on which to successfully predicate a charge of negligence. Moreover, the expert witness testified that when the reach passed the drawhead the car must have hit the engine before plaintiff could give the signal. If that be true, how can the engineer be guilty of negligence in not stopping the engine in that short distance? We are of the opinion, therefore, that the plaintiff failed to make out a case, and that the court properly withdrew it from the jury.

The plaintiff also assigns error of the court in refusing to permit him to propound certain questions to a witness. The record does not disclose what plaintiff expected to prove by the witness; therefore, we are unable to determine whether any prejudice resulted from the ruling.

Judgment affirmed.