MISSOURI & NORTH ARKANSAS RAILROAD COMPANY *v.*

MURPHY.

Opinion delivered February 3, 1913.

1. MASTER AND SERVANT—NEGLIGENCE—PROXIMATE CAUSE.—When a servant's duty is to occasionally climb an embankment and tack cards on freight cars, and he is injured by stepping on a rolling stone and falling down the embankment, the master is not liable for injuries resulting therefrom, if it was not reasonably to be anticipated that such an injury would be caused by the servant's stepping on a rolling stone on the side of the embankment. (Page 438.)

2. MASTER AND SERVANT—ASSUMED RISK.—A servant is held to have assumed the risk attending a situation when the danger is open and obvious to a man of ordinary intelligence. (Page 438.)

Appeal from Searcy Circuit Court; *George W. Reed,* Judge; reversed and dismissed.

*W. B. Smith, J. Merrick Moore, Troy Pace* and *H. M. Trieber,* for appellant.

1. Negligence can not be predicated upon appellant's allowing the rolling stone to remain on the side of the embankment. 86 Ga. 231, 12 S. E. 307; 97 Pac. 28; 104 S. W. 956.

2. That the pathway was not wide enough, if such was the fact, was not the proximate cause of the injury. 41 Ark. 393; 194 Pa. St., 44 Atl., 1069; 129 N. Y. 669, 29 N. E. 825; 155 Ill. App. 194.

3. Appellee assumed the risk. 107 Ky. 223, 51 S. W. 580; 98 Ark. 202; 82 Ark. 11.

No brief filed for the appellee.

McCULLOCH, C. J.    Appellee sued appellant railroad company to recover damages for personal injuries received while working in appellant's service as station-agent at Pindall, Arkansas.    He recovered damages below in the sum of $100, and an appeal has been prosecuted to this court.

It appears that considerable numbers of cattle were shipped from that station in carload lots, and appellee's duties as station-agent, among other things, required him to tack a "quarantine card" on each car door after being loaded with cattle to be shipped northward.    He was engaged in doing that work when he was injured, and alleges that the injury resulted from negligence on the part of the company in failing to furnish him a safe place to walk and stand beside the cars while tacking the card on the door.    It was a custom for the shippers to load the cars from the cattle-pens, and as a car was loaded it was pushed down the track out of the way so that another might be loaded.    On this occasion there were four cars loaded in the manner indicated, and before the arrival of the train which was to take them away appellee went out to tack the cards on the doors.    The cars, or, at least, the one upon which he was about to tack the card when injured, was standing on a dump about three and one-half feet high.    On one side of the track there was a foot-path but none on the other side.    It was about 8:30 o'clock in the morning, and appellee tacked the card on the side of the car door next to the foot-path, and then started around to tack the card on the other door. He states that as he walked around the corner of the car he stepped on a rolling stone on the side of the embankment, which caused him to lose his balance and fall down the embankment.    He states that he fell heavily and received serious bodily injury from the fall.    He testified, also, that that side of the embankment was to some extent washed so that it was quite steep, and some of the dirt or clay was washed out from under the ends of the ties.    It is charged that appellant was negligent

in failing to furnish him a safe place to walk and to stand while he was doing this work.

After a careful consideration of the evidence we are of the opinion that it wholly fails to make out a case of negligence. There was nothing in the situation calling for a foot-path at that place or any place to walk or stand. It is not shown that any service was to be performed there except the occasional one of climbing the embankment beside the car to tack the card on the door, and it was not reasonable to be anticipated that an injury such as this would be caused by the agent stepping on a rolling stone on the side of the embankment. Moreover, the situation and any danger which attended this work, if any, was open and obvious to a man of ordinary intelligence, and appellee assumed the risk of the danger. *Louisiana & Arkansas Ry. Co.* v. *Miles,* 82 Ark. 534; *Fletcher* v. *Freeman-Smith Lumber Co.,* 98 Ark. 202. It is plain that appellee's injury was the result of an accident which could not reasonably have been anticipated by any one. No grounds for recovery are shown, and the judgment is, therefore, without any testimony to support it. Reversed and cause dismissed.