A. J. NEIMEYER LUMBER COMPANY v. WATSON.

Opinion delivered June 10, 1918.

1. RAILROADS—USE OF CARS WITH UNEVEN COUPLINGS.—It is not negligence for a railway company to use its own cars, or cars of another company constructed with uneven couplings, in the regular transportation of freight.

2. RAILROADS—INJURY TO SWITCHMAN.—In an action for damages for personal injuries, by a switchman, because of an injury sustained while coupling freight cars, held, there being no defect in the defendant's appliances, that plaintiff assumed the risk of the employment.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

*Buzbee, Pugh & Harrison,* for appellant; *W. R. Donham,* of counsel.

Plaintiff assumed the risk and a verdict should have been directed for the defendant. The damage was well known and obvious. 56 Ark. 237; 98 *Id.* 206; 68 *Id.* 315; 95 *Id.* 196; 100 *Id.* 465; 97 *Id.* 486; 119 *Id.* 481; 116 *Id.* 56; 113 *Id.* 359; 174 S. W. 150; 180 *Id.* 984; 198 *Id.* 530.

*T. N. Robertson* and *A. J. DeMers,* for appellee.

The injury was the result of negligence and plaintiff did not assume the risk. 78 Ark. 505; 6 Thompson on Negl., § § 4254, 4275-6; 79 Ark. 53; 103 *Id.* 61; 48 *Id.* 333, 346; 88 *Id.* 548; 87 *Id.* 396; 107 *Id.* 118; 46 Mo. 163. Plaintiff was young and inexperienced and the danger was not obvious and patent. This was a clear case for a jury, and the testimony supports the verdict.

### STATEMENT OF FACTS.

Mack Watson sued the A. J. Neimeyer Lumber Company to recover damages for personal injuries sustained by him while in its employment. Watson was in the employment of the defendant as a brakeman on one of its log trains and was injured while attempting to make a coupling between an engine and a car loaded with logs on one of the spur tracks of the defendant in Saline County, Arkansas. The accident occurred in the night time at the foot of a little down grade. Watson was injured while attempting to couple a slowly-moving engine to a stationary car. He had gotten off of the engine and gone ahead to where the car was placed on the spur track and signaled the engineer to come ahead. The engine moved forward for the purpose of coupling the front end of the engine to the car and then backing off of the spur track with it. In the drawhead of the engine there was a reach-bar about fourteen inches long. Watson attempted to put this reach-bar into the drawhead of the car. He had hold of the reach-bar with his left hand for the purpose of guiding it into the drawhead. The

reach-bar struck the lower side of the drawhead and glanced to one side. This caused his hand to be caught between the drawhead and the reach-bar, causing the loss of his left index finger. The reach-bar on the engine was fixed so that it worked up and down or from side to side. It was made to work up and down about three inches in order to couple two cars or an engine and a car of unequal height. It had a lateral play of about two feet in order to enable the cars to go around the curves in the track. The tracks in general followed the natural curvature of the ground. There was very little grading done. The regulation length of the reach-bars used on the logging road was twenty-four inches. The plaintiff states that on account of the shortness of the reach-bar he had to place his hands close to the drawhead on the engine so that when it turned back it caught his hand and crushed it; that the reach-bar failed to enter the drawhead on the car because the car was on a higher level of the track than the engine.

On the part of the defendant it was shown that the reach-bars were constructed out of old iron rods and varied in length from fourteen to twenty-four inches. Watson had been in the employment of the defendant about two years at the time he was injured. For all except two months of this time he was engaged in performing the duties of a tong-hooker in loading logs. For the two months just preceding the accident he had been employed as a brakeman. The same engine was used during the period of his service as brakeman but reachbars of various lengths were attached to it. Sometimes a reachbar 14 inches long was used, and at other times a 24-inch reachbar was attached to the engine.

The jury returned a verdict for the plaintiff and the defendant has appealed.

HART, J., (after stating the facts). It is insisted by counsel for the defendant that under the facts disclosed by the record, that the defendant was not guilty

of negligence and that the injury received by the plaintiff in making the coupling was one of the ordinary risks of his occupation as a brakeman which he assumed when he entered the employment of the defendant. It was the duty of the defendant to exercise ordinary care to furnish a locomotive engine and track suitable for the work which it required the plaintiff to perform and it was responsible to the plaintiff for an injury resulting from its negligence or want of ordinary care in this respect. The plaintiff, however, by entering the service of the defendant as a brakeman, assumed all the risks ordinarily incident to that work so far as such risks were known to him or could have been known by the exercise of ordinary or reasonable care. *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232, and *Fletcher* v. *Freeman-Smith Lumber Co.,* 98 Ark. 202. In the *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Higgins,* 44 Ark. 293, the court sustained the rule that it is not negligence for a railway company to use its own, or those of another company in regular transportation of freight, cars constructed with uneven couplings. Other cases recognizing the rule may be found in a note to 26 Cyc. p. 1194.

Watson was twenty-one years of age and had been working for the company for two years. He had been acting as brakeman, coupling cars to this same engine for two months. He knew that reach-bars only 14 inches long were being used on it and made no complaint. He had in fact coupled cars to the engine with a reach-bar only 14 inches long. The risk which there was in coupling cars to the engine under such circumstances required no special skill or knowledge to detect. The danger was obvious and apparent to any one, and it must be held that it was one of the risks which the plaintiff assumed in entering upon the service.

Again it is insisted by the plaintiff that the injury occurred because of the uneven surface of the track which placed the car upon a higher level than the engine, and thus made the reach-bar too short. The plaintiff had been in the employment of the defendant for two

years engaged in loading logs on cars. He knew that the ties were laid down on the ground and the rails placed on them and that but little attention was given to the grading of the roadbed. Watson had been engaged in the work of coupling cars to this engine on this log road for about two months before the accident and was perfectly familiar with the tracks and condition of the roadbed. The plaintiff was not inexperienced in the business but was a man doing the ordinary work which he had been employed to do and whose risks in this respect were obvious to any one. Under the circumstances of this case he assumed the risk of an accident like the one in question and no negligence can be attributed to the defendant.

It follows, therefore, that the court erred in not directing a verdict for the defendant and for that error the judgment must be reversed. Inasmuch as the case has been fully developed, it will not be necessary to remand it for a new trial, and it will be dismissed here. It is so ordered.