WILLIAMS BROTHERS, INC., *v.* WITT.

Opinion delivered November 9, 1931.

*Buzbee, Pugh & Harrison,* for appellant.
*Miller & Yingling,* for appellee.

HART, C. J. This was an action for personal injuries by a servant against his master; and from the judgment rendered, appellant, the master, prosecutes this appeal to reverse it on the ground that no negligence on its part was established.

Fred Witt, appellee, was the principal witness for himself. According to his testimony, he was forty-five years old, and had been engaged in farming and logging all of his life. In July, 1929, he was working for Williams Brothers, Inc., in Jackson County, doing general work of all kinds—"hauling, and anything they wanted him to do." He had two teams on the job and got $11 per day for the hire of himself and teams. He looked after his own team, but usually a driver was furnished him. He had worked for the corporation about two months before he was injured. The corporation was en-. gaged in laying gas pipes along a right-of-way in the State of Arkansas. The pipe was steel forty-four feet long, twenty-two inches in diameter, and about one-fourth inch thick. Rubber gaskets, twenty-two inches in diameter, were used to keep the joints of the pipe from leaking. The pipe was first hauled along the right-of-way and distributed; and then the gaskets, which came in sacks with about one hundred in each sack, were hauled along the right-of-way and also distributed.

On the morning the appellee was injured, the right-of-way was blocked with logs and pipes. The foreman directed the plaintiff to distribute gaskets along the line. Appellee told the foreman that there was not any way to get through with a wagon. The foreman replied that there was a way, to go along the right-of-way and to haul the

gaskets and distribute them. The wagon in which the gaskets were hauled had a frame about three and one-half inches deep. The gaskets were piled up fifteen or eighteen inches above the bed, and it was the duty of appellee to sit in the wagon and keep these sacks of gaskets from rolling off. Another man drove the wagon. The right-of-way had been cleared where the pipe was distributed, but it was blocked. The driver of the wagon hit a log, and this threw appellee over against a tree, and his foot caught between the tree and the wagon frame. At the time of the injury, appellee was trying to hold the sacks of gaskets and keep them from rolling off the wagon. It was the custom of appellant to wind around through the woods and make a road. Sometimes the road would be used a week before a new one was made further along the right-of-way.

At the time of the injury appellee was sitting on the wagon with his legs dangling over the side, and the wagon hit something which threw it to one side, and this caused his leg to be caught between the frame of the wagon and a tree. Appellee could tell the wagon was slipping towards the tree, but did not know that it was so close because he was reaching over pulling at a sack of gaskets that was about to fall off. His leg was broken by the accident. Other witnesses corroborated the testimony of appellee.

The evidence for appellant tended to show that it was not negligent in the premises.

Viewing the evidence for appellee in the light most favorable to him, we do not think that any negligence on the part of appellant was shown.

According to the settled law of this State, it was the duty of the master to exercise ordinary care to provide his servants with a reasonably safe place in which to work and reasonably safe appliances with which to work. The burden of proof was upon the injured servant to show negligence on the part of the master or of a fellow-servant which proximately caused his injury. *Fletcher* v. *Freeman-Smith Lumber Co.,* 98 Ark. 202, 135 S. W. 827; *Neimeyer Lumber Co.* v. *Watson,* 134 Ark. 491, 204

S. W. 310; and *Booth & Flynn Co.* v. *Pearsall,* 182 Ark. 854, 33 S. W. (2d) 404.

The right-of-way where appellee received his injury was his accustomed place of work, and was constructed in the usual and customary way. In the very nature of things, it was necessary to distribute the pipe which was to be laid and the gaskets which were to be used in joining the pipe along the right-of-way. Except where it crossed fields and roads, the right-of-way ran through the woods, and was necessarily somewhat rough and uneven. Appellee was a man forty-five years of age, and had been engaged in farming and logging all of his life. No other practical way could have been used in laying the pipe. While the accident to appellee was unfortunate, it was not due to the negligence of his master or of fellow-servants, but was an accident for which no one was to blame. It could not have been foreseen by any reasonable prudence on the part of the master, and was an unfortunate and unexpected occurrence. The right-of-way where appellee received his injury was his accustomed place of work. Its condition was open to his observation when he took the job. Appellee had been engaged in farming and logging all of his life, and the work he was performing was no different from hauling wood on a farm or in hauling logs. An unavoidable accident is a complete defense against liability.

We are of the opinion that there was no negligence shown on the part of appellant, and the accident resulted from a danger incident to the work which was being done. Therefore the judgment will be reversed; and, inasmuch as the cause of action has been fully developed, it will be dismissed here.