HICKMAN *v.* WEIDMAN.

4-2732

Opinion delivered November 14, 1932.

*H. P. Smith,* for appellant.

*Ross Mathis,* for appellee.

McHANEY, J. Appellant sued appellees to recover damages for personal injuries received by him while in their employ as a log-hauler in the woods. He was driving a four-mule team hitched to a log wagon, riding the lead mule of the rear span, and, while avoiding an obstruction in the log road, the wagon ran over a sapling which was dragged down onto appellant, striking him on the back and neck with such force as to crush him down on the pommel of the saddle, break three of his ribs and otherwise seriously injure him. Negligence of appellees was alleged to be that they failed to furnish him a safe place to work—failed to furnish him a safe road over which to haul logs. The particular allegations from the complaint in this respect being as follows: ''That it was the duty of defendants to furnish plaintiff with a reasonably safe road over which to travel to said log yard, they having cut out said road and furnished it for plaintiff's passage thereover. That defendants, in cutting said road, failed to exercise ordinary care, but cut said road hurriedly and carelessly, leaving it narrow, crooked and dangerous. That plaintiff had used said road only on a few occasions, and at most of those times only for the purpose of taking his team alone to and from his work. That he had suggested to defendants that said road was not wide enough to haul logs over. That on said date plaintiff advised defendant, Weidman, when directed to go for said load of logs, that he, Weidman, according to his information, had recently, and since plaintiff had been over said road, cut certain special order logs along the course of said road and thrown some of the tops thereof in said road, which tops had not been entirely removed, thereby causing said road to be dangerous for the purpose of driving a wagon and team thereon. That defendant, Weidman, thereupon advised this plaintiff that he could get over said road and directed him to go for said load of logs. That plaintiff, without fault or carelessness on his part in carrying out said orders and attempting

to pass around a tree top thrown in said road by defendant, Weidman, the said road thereby being made narrow, caught the bumper on the front end of said log wagon against a sapling, frightening the teams, one of which he was riding, throwing said sapling against his back and neck, crushing him down against the pommel of the saddle, breaking three of his ribs, and severely injuring his back and neck, causing him great physical pain and mental anguish.''

Appellees interposed a general demurrer to this complaint, which the court sustained, and upon his declining to plead further, his complaint was dismissed.

We think the court was correct in so holding, and that this case is ruled in principle by the recent case of *Williams Bros.* v. *Witt,* 184 Ark. 606, 43 S. W. (2d) 237. We think the complaint fails to allege any negligent act upon the part of appellees. An experienced log-hauler, such as appellant alleges himself to be, knows without investigation that in hauling logs from the woods he doesn't have an improved highway to travel over, and that the roads are crooked by reason of the necessity of avoiding obstructions. All these facts are known to the employee, as well as to the employer. He simply took the trail through the woods as he found it and voluntarily assumed all the risk and hazard in passing over it. The complaint shows that appellant knew and appreciated the danger incident to driving over the road. The driving of the team over or upon the sapling which was dragged down and struck appellant was his own act, and was not participated in by the appellees in any respect whatever. He was simply instructed to haul the logs and necessarily had to use his own judgment in doing so. His employers were not present and were not immediately directing his actions. If there was any negligence, it was that of appellant himself. In *Williams Bros.* v. *Witt, supra,* we said: ''The right-of-way where appellee received his injury was his accustomed place of work. Its condition was open to his observation when he took the job. Appellee had been engaged in farming and logging

all of his life, and the work he was performing was no different from hauling wood on a farm or in hauling logs. An unavoidable accident is a complete defense against liability."

So here, appellant's injuries were not caused by any negligence of the appellees, but was simply an unavoidable accident, for which no person is responsible.

The court correctly sustained the demurrer, and the judgment of the court must be affirmed.