## HEADRICK *v.* H. D. COOPERAGE COMPANY.

Opinion delivered February 13, 1911.

1. APPEAL AND ERROR—BRINGING UP EVIDENCE—DIAGRAM.—The rule that a judgment will be affirmed unless the bill of exceptions contains all the testimony will not be applied where a witness in testifying used

a diagram which was not put in the bill of exceptions if his testimony is complete and can be readily understood without the aid of the diagram. (Page 557.)

2.   MASTER AND SERVANT—DUTY TO FURNISH SAFE PLACE.—It is the duty of a master to furnish his servant a safe place in which to work. (Page 558.)

3.   SAME—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY.—Where different minds might reach different conclusions from the evidence as to whether the plaintiff was guilty of contributory negligence, the question should have been left to the jury. (Page 558.)

4.   SAME—CONTRIBUTORY NEGLIGENCE—WHEN FOR JURY.—A servant was employed to work at the equalizer saws in a stave mill, and at intervals to steady the barrel saw. About two feet to the left of these saws was a table, and the barrel saw was about ten inches to the left of this table. Beneath the equalizer saws were holes to receive sawdust and blocks from the saws. It was the duty of another servant to clean out these holes so that their location could be seen. In obedience to a signal to steady the barrel saw, the servant went between the table and saw, fell in a hole, and was injured, when he could have gone on the other side of the saw and avoided danger. *Held,* that it was a question for the jury whether he was guilty of contributory negligence. (Page 558.)

5.   SAME—ASSUMED RISK—PROMISE TO REPAIR.—Where a servant has complained to the master of the danger from working in a certain place, he has a right for a reasonable time to rely upon the master's promise to repair without assuming the risk from such defective place unless the danger is so obvious that no prudent man would continue in the work under the circumstances. (Page 559.)

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; reversed.

*Oldfield & Cole,* for appellant.

1.   The situation disclosed by the evidence was one from which different minds could reasonably draw different conclusions as to whether or not the appellant was guilty of negligence. That question should therefore have been submitted to the jury. 92 Ark. 582; *Id.* 554, 560.

2.   This case falls within the exception to the rule of assumed risk, in this: If the servant complains to the master or his representative, and receives a promise that the defect or danger complained of will be remedied, he will be excused by law for remaining in the service a reasonable time threeafter, and will not be deemed to have assumed the risk. 90 Ark. 555, 565; 88 Ark. 28, 34; 4 Thompson on Neg. § 4667; *Id.* § 4882.

*Gaughan & Sifford* and *McCaleb & Reeder,* for appellee.

1. It is impossible for this court to obtain from the record before it a true conception of the evidence before the court and jury below. Much of the evidence was in the nature of pantomime, stepping about from place to place, *acting* before the court and jury, and pointing out objects and positions on the floor, etc. More than all the rest of this pantomime evidence was that with reference to a plat or diagram exhibited to the court and jury, which has not been preserved in the record, and which, if it had been, would be valueless to this court without the witness to illustrate it, as he did in the court below. The presumption must necessarily be in favor of the verdict 2 Ark. 33; 5 Ark. 309; 8 Ark. 429; 24 Ark. 602; 22 Ark. 79; 25 Ark. 334; 14 Ark. 298; 37 Ark. 57; 17 Ark. 327; 40 Ark. 185; 46 Ark. 67; 27 Ark. 395; 26 Ark. 653; 45 Ark. 240; 43 Ark. 451; 54 Ark. 159; 55 Ark. 126; 67 Ark. 464; 72 Ark. 21.

2. Assuming it to be true that appellant made complaint on the evening before the accident, and that promise was made to remedy the defect, nevertheless the employer did not assume the risk of the *employee's* negligence, neither would such promise excuse the negligence of the employee, nor justify recklessness or carelessness on his part. 90 Ark. 555, 567. If, therefore, appellant was injured, the burden is upon him to show additional negligence on the part of the appellee, and, until he does so, the only conclusion that can be reasonably reached is that he was guilty of contributory negligence. When a danger is obvious or known, a person is bound to use ordinary care to avoid it; not only so, but where two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way with knowledge of the danger, constitutes contributory negligence. 29 Cyc. 515, notes 99, 1; 135 Pa. St. 217; 58 N. Y. Supp. 628; 48 N. Y. Supp. 323; 47 *Id.* 783; 100 Ia. 672; 47 S. W. 759; 79 Me. 456; 105 Mich. 547. When the undisputed evidence shows that one suing for personal injuries was guilty of contributory negligence, it is the duty of the court to declare that he has no cause of action. 76 Ark. 10. The promise to repair does not excuse contributory negligence, but the servant must nevertheless exercise due care to protect himself

against injury. 90 Ark. 555; 117 U. S. 661; 61 C. C. A. 447; 79 C. C. A. 368; 159 Fed. 680.

McCULLOCH, C. J. Defendant, while operating a stave mill in Stone County, Arkansas, employed plaintiff to work at the equalizer saws. He received personal injuries while in the discharge of his duties, and sues his employer for damages, alleging negligence on the part of his foreman in failing to box the equalizer saws and to keep the hole underneath the saws free from sawdust and blocks.

Defendant in its answer denied negligence, and pleaded contributory negligence on the part of plaintiff, and also assumption by him of the risk. The trial court, after plaintiff had concluded his testimony, gave a peremptory instruction in favor of defendant, and judgment was accordingly entered against plaintiff.

We must therefore, in testing the correctness of the court's ruling, give the testimony its strongest probative force, to determine whether or not it is legally sufficient to sustain a verdict in plaintiff's favor. His injury occurred August 23, 1906. Plaintiff's work, as before stated, was at the equalizer saws, so as to make the stave bolts of equal lengths; and it was also a part of his work to go to the rear of the table and check or steady the barrel saw and strike the teeth of that saw at certain intervals. He worked under the immediate supervision of Shaver, the foreman, who was the defendant's vice-principal.

There were egg-shaped holes under the equalizer saws, about two feet long and eighteen inches wide, to receive the sawdust and blocks from the saws. It was the duty of Arnold, another workman, to keep the holes clear of accumulated sawdust and blocks. When the holes were full, it was difficult to discern them, as there was also an accumulation of sawdust on the floor, so that the edges of the holes could not be seen.

About two feet to the left of the equalizer saws there was a table or bench on which the bolts were laid after being equalized, and the barrel saw was about ten inches to the left of this table.

The afternoon before the injury occurred the plaintiff complained to Shaver that the saws should be boxed, and that the holes should be cleaned out so as to make the place about the saws safe. Shaver promised to see that this was done, and

asked plaintiff to continue work. The exact language in which the promise of the foreman was couched is, as testified to by plaintiff, as follows: "Headrick, if you will work on I will box the holes up, and I will see that John Arnold keeps the dust out of the holes. I can't hardly run without you. If you quit, I will have to stop until I get another hand." No time was specified when the promise should be complied with. Shaver did not box the saws, and did not have the holes cleaned out as promised.

The next day after the promise was made, plaintiff, in passing between the saws and the table in order to get to the barrel saw to steady it as he was commanded to do, stepped on the edge of the hole, his foot slipped in and was struck by one of the saws. Shaver was standing at the barrel saw and signaled plaintiff to go to that saw and steady it. Plaintiff testified that the holes were full, and that he could not see the edges on account of the sawdust. He also testified that there was not sufficient room to permit him to pass between the table and the barrel saw, and that it was not practical to go around the barrel saw so as to avoid going between the table and the equalizer saws.

It is insisted by counsel for defendant in the first place that the bill of exceptions does not contain all the testimony, and that for this reason the judgment should be affirmed. The only omission suggested is a diagram concerning which plaintiff testified. This was not formally introduced in evidence, but it appears to have been produced by counsel for defendant and, while testifying in response to questions, the plaintiff indicated his explanations by pointing to the diagram and referring to it. The witness, however, testified fully as to the relative positions of the saws, holes, table, etc., and his testimony is complete and can be readily understood without the aid of the diagram. It would add no additional light on the subject, and does not strengthen the case either way, so far as concerns the legal sufficiency of the evidence. If plaintiff's testimony, as set forth in the bill of exceptions, is found to be legally sufficient to make out a case which should have gone to the jury, the absence of the diagram does not weaken it nor leave room for a presumption that its presence in the bill of exceptions would establish facts to contradict or overcome his positive statements.

The evidence was legally sufficient to warrant a finding that defendant's foreman was guilty of negligence in failing to have the holes cleaned out, and that this was the proximate cause of plaintiff's injury. It was the duty of Arnold, a fellow servant, to keep the holes clean; but plaintiff was working in the presence and under the immediate supervision of the foreman, who promised to see that the holes were cleaned out and assumed the duty of doing so. He called on the plaintiff to perform a service which required him to pass along by the hole, and it was then his duty as vice-principal of the master to exercise ordinary care to make the place reasonably safe. *Archer-Foster Construction Co.* v. *Vaughn,* 79 Ark. 20.

We can not say as a matter of law that the danger from going between the table and the saws with the hole beneath was so obvious that an ordinarily prudent person would not have undertaken it. It was a question for a jury to determine whether or not it constituted negligence under the circumstances for plaintiff to pass between the table and the saws and to place his foot so close to the edge of the hole as to permit it to slip into the hole. Different minds may reasonably reach different conclusions from these facts, and under such circumstances it is the duty of the trial court to submit the question to the jury.

Nor should it be said that because plaintiff went between the table and the saws when it was possible for him to have chosen a safer route around the table and barrel saw, he was, as a matter of law, guilty of contributory negligence in failing to choose the safe route. The Federal Court of Appeals for this district has announced that rule in several cases. *Gilbert* v. *Burlington, etc., Ry. Co.,* 128 Fed. 529. That court did so in this case when it was pending there. *H. D. Williams Cooperage Co.* v. *Headrick,* 159 Fed. 680. But we have declined to adopt that rule, as we think it makes the employee the absolute insurer of his own safety. *Choctaw, O. & G. Rd. Co.* v. *Thompson,* 82 Ark. 11; *Kansas City So. Ry. Co.* v. *Henrie,* 87 Ark. 443. Even though there may be two ways open to an employee in which to perform his work, one of which turns out to be less dangerous than the other, and he adopts the other way, yet, if that way is not so dangerous that a person of ordinary prudence would not have undertaken it, the court should not say that

the employee was guilty of negligence because he chose that way which was reasonably safe, but which was not the safer. We think, as said in our former cases, that to adopt that rule would be to make the employee the insurer of his own safety in choosing between two methods of doing his work, either of which might be reasonably safe.

The testimony of plaintiff in the trial below tended to show that, while it was possible for him to go around on the other side of the barrel saw, so as to avoid the narrow path between the equalizer saw and the table where he was injured, yet it was not convenient to do so in a manner to respond promptly to his master's signal and perform his duty expeditiously. The jury should therefore have been allowed to say whether or not he was guilty of negligence.

The plaintiff may not be said to have assumed the risk of the danger where he has complained of a defect and danger and is relying on the express promise of the master to repair the defects, so as to obviate the danger, unless the danger is so imminent and obvious that no prudent man would continue to work in it. *St. Louis, I. M. & S. Ry. Co.* v. *Mangan,* 86 Ark. 507; *Marcum* v. *Three States Lumber Co.,* 88 Ark. 28; *St. Louis, I. M. & S. Ry. Co.* v. *Holman,* 90 Ark. 555.

While the unfulfilled promise of the master is outstanding— that is to say, during the period in which compliance with the promise may reasonably be expected—the master, and not the servant, is deemed to have contracted to bear the risk of the danger, unless the danger is so obvious that no prudent man would continue to work under the circumstances. 2 Labatt on Master & Servant, § 425.

After a careful consideration of the testimony adduced, we are of the opinion that the case should have been submitted to the jury under appropriate instructions of law, and that the circuit court erred in giving a peremptory instruction.

Reversed and remanded for new trial.