SINCLAIR OIL & GAS COMPANY *v*. LANGLEY.

Opinion delivered May 2, 1927.

1.  MASTER AND SERVANT—SUFFICIENCY OF EVIDENCE.—In a suit by a pipe-fitter against his employer for injuries sustained while attempting to tighten a pipe connection, the evidence *held* not to show that it was a physical impossibility for the accident to have occurred as contended by plaintiff.

2.  MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT.—In a suit by a pipe-fitter against his employer for injuries sustained while attempting to tighten a pipe connection, the evidence of negligence on the part of plaintiff's fellow servant *held* sufficient to require submission of the issue to the jury.

3.  TRIAL—DIRECTION OF VERDICT.—The trial court cannot direct a verdict against the plaintiff except where, conceding credibility of his witnesses and making all legitimate inferences, it is plain that his case is not sufficient in law to entitle him to a judgment.

4.  MASTER AND SERVANT.—An employer is liable for the injuries of a servant, though he was injured in taking the more hazardous of two ways to tighten a pipe connection, where he was working in the manner in which he was instructed to act by his foreman.

5.  MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Even though there may be two ways open to an employee in which to perform his work, one of which turns out to be less dangerous than the other, and he attempts the other way, yet, if that way is not so dangerous that a person of ordinary prudence would not have undertaken it, the courts can not say that the employee was guilty of negligence because he chose that way which was reasonably safe, but not the safer.

6.  APPEAL AND ERROR—DISCRETION AS TO CONTINUANCE.—Matters of continuance are largely in the discretion of the trial court, and no reversible error can be predicated thereon unless there is a manifest abuse of such discretion.

Appeal from Nevada Circuit Court; *J. H. McCollum,* Judge; affirmed.

Roscoe R. Lynn, for appellant.

C. B. Andrews and *William F. Denman,* for appellee.

McHANEY, J.   This action arises on account of a personal injury received by appellee while in the employ of appellant as a ''connection'' man, or pipe fitter, in the oil fields of Nevada County.   A two and one-half inch pipe line had been laid on the ground from a near-by oil well to a large storage tank, 15 feet in diameter and 25 feet high, and a riser pipe of the same size was connected therewith and erected on the outside of said tank, 18 inches above the top thereof.   On top of this riser a tee joint was screwed, with a plug closing the hole in the top of the tee, and a discharge pipe 8 or 10 feet long threaded or screwed into the remaining opening in center of the tee.   It is called a tee joint on account of its resemblance in shape to the capital letter ''T.''   This discharge pipe was so arranged as to discharge the oil coming from the well through this line of pipe into the tank and through a nipple or elbow joint attached to the end of the discharge pipe and extending down into the funnel opening in the top of the tank.   Appellant's foreman, after this line had been constructed as described, decided that the tee on top of the riser was not screwed down far enough, and directed appellee and his brother, a fellow-servant, to go upon top of this tank, disconnect the nipple or elbow joint from the end of the discharge pipe, and tighten the tee down.   While this testimony on this point is not very clear, we think this is the effect of the evidence.  He said: ''Q. What did he (the foreman) tell you to do?   A.   Told us to take it off and make it tighter.   I told him I didn't think it would bear making tighter.   He said, 'Yes, make it tighter.'   We went back up there and taken it loose, me and my brother, and taken this nipple out, it went in on the other side, and undertaken to make it up two more rounds.''   They followed instructions, took the nipple off the tank-end of the discharge pipe, and proceeded to tighten the

tee down by using the discharge pipe as a fulcrum, appellee backing up and pulling thereon, and his brother, on the opposite side, holding, steadying and pushing. When they had taken the end of the discharge pipe as far out over the edge of the tank as they could go, appellee went down to the top of a lower adjacent tank, on the steps of a ladder or stairway leading from the top of one to the top of the other, and, by means of a pole, brought the discharge pipe on around as far as possible, and then went back to the top of the tall tank, lassoed the discharge pipe with a rope and pulled it back to normal position. This was round one. They proceeded in like manner on round two, but, as they approached near the edge of the tank in the same formation as in round one, for some unknown reason appellee's brother turned loose his hold, which precipitated appellee and the discharge pipe off the tank, over the steps and down onto the top of the shorter tank, resulting in severe and painful injuries to various portions of his body, especially to his back and hips. Suit was brought, substantially alleging these facts as a basis of recovery. Issue was joined, a trial had, which resulted in a verdict and judgment for appellee in the sum of $2,000, and wherefore this appeal.

Counsel for appellant first contends that it was a physical impossibility for the accident to have occurred in the way appellee contends it did occur. He and his brother are the only witnesses to the accident. They are in substantial accord as to how it occurred. It was submitted to the jury, and its finding is against appellant. Moreover, the accident did occur, and there is no dispute in the testimony as to how it occurred. We therefore hold appellant is wrong in this contention.

Next it is contended that appellee's testimony does not show actionable negligence. Without reciting the testimony *verbatim*, or again reviewing it, we hold that there was sufficient testimony to submit to the jury this question, that is, whether the injury was caused by reason of the negligence of appellee's fellow-servant in turning loose his hold on the discharge pipe as he did. A

trial court cannot direct a verdict against the plaintiff except in cases where, conceding the credibility of the witnesses, and giving full effect to every legitimate inference that may be deduced from their testimony, it is plain that the plaintiff has not made out a case sufficient in law to entitle him to a verdict and judgment thereon.

The next contention is that, instead of screwing the tee down in the manner attempted, they should have disconnected the discharge pipe from the tee, and with a pipe wrench taken a turn or two on it. In other words, they took the more hazardous of two ways to accomplish the purpose, and that the court erred in not instructing the jury as requested on this point. A sufficient answer to this contention is that they were doing the work in the manner they were instructed by the foreman, or at least in the manner they understood the foreman to instruct them to perform it. Also, the law is to the contrary. In the case of *Hedrick* v. *H. D. Cooperage Co.,* 97 Ark. 553, 134 S. W. 957, this court said: "Even though there may be two ways open to an employee in which to perform his work, one of which turns out to be less dangerous than the other, and he adopts the other way, yet, if that way is not so dangerous that a person of ordinary prudence would not have undertaken it, the court should not say that the employee was guilty of negligence because he chose that way which was reasonably safe, but which was not the safer. We think, as is said in our former cases, that to adopt that rule would be to make the employee the insurer of his own safety in choosing between two methods of doing his work, either of which might be reasonably safe."

Again, in *St. L. I. M. & S. R. Co.* v. *Coutch,* 111 Ark. 5, 162 S. W. 1103, in answer to a requested instruction that, "if the plaintiff had more than one method by which he might have performed his duties, and he voluntarily chose the more hazardous one, knowing it to be such, then the plaintiff made his choice at his own risk," this court said: "It should not be said that, because plaintiff went between the cars when it was possible for him to

have chosen a safer route around them, he was as a matter of law not entitled to recover. According to his testimony he chose that route under the direction of his foreman, and it had been the custom of the employees to cross over in that way.''

Other complaints are made by counsel for appellant relative to the giving of appellee's instruction No. 1 and No. 2, but we do not deem it necessary to set them out, or to discuss them in detail. They were correct declarations of law applicable to this case, and many times sustained by this court. There was no error in the refusal of the court to grant appellant a continuance after counsel for appellee had stated his case. The request was made on the ground that the statement was materially different from the allegations of the complaint, but we do not agree with appellant in this regard. Matters of continuance are largely in the discretion of the trial court, and no reversible error can be predicated thereon unless there is a manifest abuse of such discretion.

No error appearing, the judgment is affirmed.