4-8016                                         198 S. W. 2d 175

Opinion delivered December 2, 1946.

Rehearing denied January 13, 1947.

*M. J. Harrison* and *Rose, Dobyns, Meek & House,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

McHaney, Justice. Alfred Powell, a resident of Nashville, Arkansas, was accidentally killed in a truck accident on February 19, 1945. His widow, Maggie Burke Powell, cross-appellant, and a minor son, Charles

Powell, survive him. The deceased was, at the time of his death and for some time prior thereto, in the employ of Mr. and Mrs. J. B. Hill as a truck salesman of petroleum products, they (the Hills) being retail distributors for appellee, Arkansas Fuel Oil Company, and they paid Powell $150 per month, or an average weekly wage of $34.62. The Arkansas Fuel Oil Company will be hereinafter referred to as appellee, although its insurance carrier is the other appellee, and they provide workmen's compensation insurance on the employees of appellee's distributors, including the Hills. The premiums for insurance on employees of distributors are paid by appellee who charges same to and collects same from the distributors, including the Hills. So, Powell was covered by compensation insurance procured by appellee.

The Hills distribute at Nashville Cities Service products under a contract with appellee, dated February 14, 1944. Hurshal D. Clark operates a Cities Service filling station in Nashville as lessee of appellee, receiving his supplies from the Hills.

Barney Smith is the distributor in Nashville for Texaco Oil products. Coy Dyer is the tank truck driver for Smith. Frank Moss operates the Texaco filling station in Nashville. These facts are mentioned because of what follows.

On February 19, 1945, a truck driver brought word to Clark's Cities Service station that an oil transport was broken down between Nashville and Lockesburg and that the driver wanted some of the oil boys in Nashville to come to his assistance. The same information was given by a passing motorist to the Texaco station operated by Moss who contacted Coy Dyer. The latter prepared to go to the assistance of the driver of the transport. He contacted Powell to borrow his chains and Powell learned that Clark had also received a request for assistance to the transport and was seeking Powell to give him the information. Upon learning this, Powell left in his truck to render assistance. Both Dyer and Powell arrived at the scene of the accident

at the same time. The transport had a broken rear axle, was stopped on the up-grade of a hill and had its motor running to supply air to the brakes to keep it from running back down hill. Both hitched their trucks to the transport by chains and tried to pull it to the top of the hill, but could not do it. One Chenault was the driver of the transport and acknowledged he had sent word to Nashville for help and assisted Dyer and Powell in attaching their chains. All three then left to take Chenault to Lockesburg in Dyer's truck, where Chenault telephoned his employer for assistance. They then returned to the transport, leaving Chenault, and Dyer and Powell then left for Nashville, each driving his own truck with Dyer ahead. After traveling some eight or nine miles toward Nashville, Dyer pulled off the road to observe a passenger car in the ditch. When he tried to re-enter the highway Powell's truck struck Dyer's and Powell was killed. The night was dark and rain was falling at the time.

The transport was loaded with kerosene or gasoline for the Texas Oil Company in Nashville where it was delivered the next day.

On February 24, 1945, appellee filed with the Workmen's Compensation Commission what is called "Employer's First Report of Injury," disclosing the death of Powell on February 19, 1945. The Fidelity & Casualty Company of New York was designated as insurance carrier. On April 2, 1945, cross-appellant Maggie Burke Powell filed her claim for compensation against appellee and its insurance carrier for the death of her husband. Appellee gave notice it would controvert the claim on the ground that Powell's death was caused by an injury received while outside the scope of his employment.

Based on the facts above set out, about which there appears to be no substantial dispute, the Commission held that at the time of his death Powell was an emergency employee of appellant Transport Company of Texas, and made an award of compensation against it and its insurance carrier of $15.58 per week from February 19, 1945, and to continue subject to the pro-

visions of the Compensation Act (No. 319 of 1939, as amended), not to exceed 450 weeks or $7,000.

From this award an appeal was taken to the Howard Circuit Court, where the award was affirmed, and this appeal followed.

Appellee does not contend that Powell was not its employee, and could not consistently do so in the face of its First Report of Injury filed with the Commission and its notice of intention to controvert the claim of Mrs. Powell for compensation. The only claim it makes in this regard is that Powell, although its employee generally, had departed from its service at the time of his death and had entered the service of appellant, and, therefore, that the fatal accident to Powell did not arise out of and in the course of his employment for it.

We cannot agree with this contention or that Powell became an emergency employee of appellant under the facts here presented, even assuming which we do that Chenault sent word to Nashville for some of the oil boys to come out to help him and that Dyer and Powell responded because of this message. Dyer went because Moss, the Texaco dealer and a customer of his employer, told him of the transport's trouble. Powell went because of word received from Clark, Cities Service dealer and a customer of his employer. Both employers of Dyer and Powell were expecting a shipment of needed merchandise and both Dyer and Powell, we think, went to help the transport to render a service to their respective employers. In this view neither had departed from the service of his master.

In such cases the general rule seems to be that, where the person rendering assistance to another in an emergency has an interest for his employer in relieving the emergency condition, he does not become an emergency employee of the person to whom he renders such assistance. We have no such case in our reports and to us it is of first impression under the Compensation Act. We have a number of cases of emergency employment growing out of tort actions for damages for in-

juries sustained in rendering emergency services by strangers to the transaction. One of such cases is *Henry Queelmalz Lbr. & Manufacturing Co.* v. *Hays,* 173 Ark. 43, 291 S. W. 982. We have no case, however, in point with the case at bar, and we know of no case which holds that the emergency master is liable for an injury received by an emergency employee who was not injured at the scene of the emergency. We do not hold that this could not be.

In *Pacific Indemnity Co.* v. *Industrial Acc. Com.,* 105 Cal. App. 525, 288 Pac. 129, decided May 8, 1930, and rehearing denied by the Supreme Court of California July 7, 1930, the general rule above stated was sustained. We do not set out the facts in that case nor quote from the opinion, as to do so would unduly extend this opinion. This California case has been cited and followed in a number of cases in the same and other courts.

So, we conclude that Powell, in going to the scene of the transport's trouble and in attempting to render assistance to its driver Chenault, did not become an emergency employee of appellant so as to make it liable for compensation under the Compensation Law. Nor did he depart from the service of the appellee so as to relieve it and its insurance carrier from liability for compensation to his widow and minor son for his death. The cause will be reversed and remanded to the Circuit Court with directions to reverse the award of the Commission and to remand the same to the Commission with directions to make the same award against appellees, with interest on the past due payments from their due date until paid. Appellee to pay all costs.