LAYNE-ARKANSAS COMPANY *v.* HENDERSON.

5-2                                                     255 S. W. 2d 423

Opinion delivered March 2, 1953.

*Joseph Morrison, Bridges, Bridges, Young & Jones* and *Henry W. Gregory, Jr.,* for appellant.

*Virgil R. Moncrief* and *John W. Moncrief,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellee to recover for serious personal injuries sustained when he fell from a rice combine which the appellant was transporting by truck. The jury's verdict for the plaintiff, in the sum of $24,000, is not questioned as being excessive. It is contended, however, that the proof fails to show negligence on the part of the defendant and that even if negligence existed the plaintiff cannot recover for the reason that he was either an emergency employee of the defendant or a mere volunteer who assumed the risk of the injury that occurred.

The rice combine, which is owned by the plaintiff's father, is a threshing machine so large that it cannot easily be carried on the highways. In July of 1951 the elder Henderson, desiring to move the combine from the community of Yoder to his home some miles away, employed the defendant to transport the machine. According to the defendant's proof the rules of the Highway Department require that an escort car travel immediately ahead of a truck carrying such bulky machinery. The defendant makes an additional charge for its services when it provides the escort, but it says that in this instance Henderson agreed to send his son, the plaintiff, to perform that duty.

On the day of the move the plaintiff helped the defendant's driver, A. W. Berryman, in loading the combine upon the defendant's truck and trailer. The plaintiff, in his father's truck, then escorted the other vehicle until the entrance to the Henderson farm was reached. There, by Berryman's testimony, the two men alighted and discussed the fact that their pathway into the farm was obstructed by a tree and a telephone wire that were too low to afford clearance for the projecting parts of the combine.

Henderson testified that he climbed up on the upper deck of the combine in order to lift the branches and wire over the projections, but he first warned Berryman to

wait and give him sufficient time for these maneuvers. Both men agree that Berryman then drove the truck slowly forward and that Henderson succeeded in lifting all the branches out of the way. According to Henderson, after the trailer passed beneath the tree Berryman speeded up, and before Henderson had time to turn around he was struck across the shoulder by the telephone wire and thrown to the ground. Although Berryman denies having increased his speed he admits that he watched Henderson through the rear window until the last branch was cleared; he then turned his attention to the road ahead, drove twenty feet farther, stopped, got out of the truck, and still did not know that Henderson had fallen until he heard the cries of Henderson's mother, who had seen the broken telephone wire and assumed that her son had been electrocuted. On this proof the jury were warranted in concluding that Berryman was guilty of negligence in increasing his speed and in relaxing his vigilance before Henderson passed safely under the wire, the presence of which was admittedly known to Berryman.

In spite of its carelessness the appellant argues that it cannot be held liable for mere negligence, since Henderson was a volunteer to whom the appellant owed no higher duty than to refrain from injuring him after his peril was discovered. Typical of the cases cited are *Railroad Co.* v. *Dial,* 58 Ark. 318, 24 S. W. 500; *Henry Quellmalz etc. Co.* v. *Hays,* 173 Ark. 43, 291 S. W. 982; and *Armour & Co.* v. *Rice,* 199 Ark. 89, 134 S. W. 2d 529. In all those cases the plaintiff sought the protection accorded by law to an employee but failed to show that his employment had been authorized by any one empowered to bind the master to such a contract. Consequently, as we said in the *Dial* case, the plaintiff was "technically a trespasser," and the only duty owed to him was "not to injure willfully, wantonly, or by gross negligence." In the case at bar the plaintiff was by no means a trespasser; even the defendant says that it reduced its fee in view of the elder Henderson's agreement to supply the escort. Young Henderson's action in climbing upon the combine to assist Berryman was not

gratuitous or officious conduct by which Henderson assumed all the risk except that incident to the driver's recklessness. The jury were justified in believing that Henderson's perilous position was within the contemplation of the parties to the contract, and if so he was entitled to rely upon Berryman for the exercise of ordinary care.

An alternative contention is that Henderson became an emergency employee of the defendant and is therefore restricted to his remedies under the Workmen's Compensation Act. Among several answers to this argument two will suffice. First, when the person rendering assistance has an interest for his own employer in relieving the emergency condition, he does not ordinarily become an emergency employee of the person whom he assists. *Transport Co. of Texas* v. *Ark. Fuel Oil Co.*, 210 Ark. 862, 198 S. W. 2d 175. Second, even if this defense had merit it was neither pleaded nor proved below. In general an employer is not affected by the compensation law unless he has five or more regular employees. Ark. Stats. 1947, § 81-1302 (c). The appellant offered no direct proof that it had the required number of employees, but we are asked to comb the record for random references in the testimony to a total of five separate persons who worked for the appellant, to find as a matter of fact that all were regularly employed, and then to presume that the appellant had complied with the statute by obtaining coverage. Apart from the obvious weaknesses in this chain of inferences we think it enough to say that this defense was not asserted below and cannot be relied upon here.

There are other suggested reasons for reversal, but they do not merit discussion. Affirmed.