No. 41,527

RAYMOND JACOB ROTH, *Appellant,* v. HUDSON OIL COMPANY and HARTFORD ACCIDENT INDEMNITY COMPANY, *Appellees.*

(345 P. 2d 627)

Opinion filed November 7, 1959.

*Robert G. Knapp,* of Mission, argued the cause and *Thomas J. O'Brien,* of Kansas City, Mo., was with him on the briefs for the appellant.

*Walter Fuller, Jr.,* of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This was a workmen's compensation case. Both the workmen's compensation commissioner and the district court denied claimant a right of recovery and he appeals to this court.

There was no dispute as to the facts introduced before the commissioner as to how claimant suffered his injury, or as to the question of the amount of claimant's disability. Respondent offered no evidence and did not dispute the facts shown by claimant's evidence. The commissioner, and the district court on appeal, simply held as a matter of law that the accident occurred in the course of claimant's employment *but did not arise out of his employment.*

Thus, the decision below was based upon an application of the law to an undisputed set of facts and this court has jurisdiction to pass upon that question (G. S. 1957, Supp. 44-556). This being true, such cases as *Grow v. Musgrove Petroleum Corp.,* 184 Kan. 800, 339 P. 2d 75; *Allen v. Goodyear Tire & Rubber Co.,* 184 Kan. 184, 334 P. 2d 370; *Heer v. Hankamer Excavating Co.,* 184 Kan. 186, 334 P. 2d 372, have no application.

The facts shown in the record may be summarized as follows: Claimant was the manager of one of respondent's filling stations; by the terms of his employment it was claimant's express duty to take the receipts of the day to the bank for deposit near the close of each day's business. On January 22, 1957, it was snowing heavily and the streets were very slick. Claimant left the station in his car with the company's money sometime before 4:00 p. m. and proceeded by the most direct route toward the bank. It may be noted that the record shows that claimant was allowed company gasoline for the purpose of making these trips in his own car. The bank was closed at this time of day and claimant intended to place the company money in the night deposit box.

On his way to the bank, claimant found his forward progress stopped by a traffic jam where the street went up a hill. He seems to have stayed in his car for an hour or so waiting for the traffic to become unsnarled, but as the situation got no better and it was getting dark and his gasoline was getting low (we assume he kept the heater going), he got out of the car, locked up the money in the car, and went forward on foot to ascertain the cause of the trouble. He found a car driven by a woman had skidded across the street blocking all progress in either direction.

Claimant got in the stalled car and was able to turn it and drive it up the hill with the aid of two other men who helped by pushing the car from the rear. The traffic was thus free to proceed and claimant walked toward his own car. Shortly before reaching it, an automobile approaching him from behind, honked and caused claimant to jump, lose his footing and fall on the ice. He fell with his weight on his right arm. Although his arm hurt considerably, claimant got in his car and drove to the bank and deposited the company money. That done, he drove back to his station and went into the rest room to remove his shirt to see how badly his arm was hurt. The amount of claimant's disability is set out in the commissioner's findings and as has been said is nowhere challenged. Therefore, we need not set those matters out in this opinion.

It would seem that respondent relies to a great extent upon the case of *Sellers v. Reice Construction Co.*, 124 Kan. 550, 262 Pac. 19, to uphold the trial court's decision to the effect that claimant's injury did not arise out of his employment. In that case, the workman was employed by a construction company engaged in digging a ditch alongside a road, and near a railway. The foreman had parked his

car on the side of the road. About 1:25 p. m. of the day in question, the workman noticed a truck loaded with timbers belonging to a stranger coming down the road. The workman feared the truck would hit the foreman's car, and therefore went to the foreman and asked for the keys saying that he would move it out of the dangerous position. The foreman believed that the car was safe, but finally gave up the key. The workman got in the car, drove it up on the railway track where it was hit by a train, the car wrecked and he was killed. The court said in part in the action to recover workmen's compensation:

"Sellers was employed to do the construction company's work, not to look after Jacob's car, and the course of his employment was broken by his voluntary withdrawal to do an act which bore no relation to his employment and which took him away from it. Leaving these obstacles to recovery of compensation at one side, the accident did not arise out of the employment.

"The phrase 'arising out of . . . employment,' suggests a *casual* relation between employment and injury. The verb 'arise' has a meaning which takes note of circumstances viewed as results, and the prepositional phrase 'out of' has a meaning of 'from (something) as a cause.' (Oxford English Dictionary.) Prompted by the suggestion, the courts frequently define the phrase by stressing the element of causation."

The above case does not seem to be very close to the situation which existed in the case now before the court. As stated in the Sellers case, in order for an injury to arise out of the employment of the claimant it is necessary that there be some causal connection between the employment and the accident (*Benson v. Railway Co.*, 104 Kan. 198, 178 Pac. 747, 10 A. L. R. 1165; *Stapleton v. State Highway Comm.*, 147 Kan. 419, 76 P. 2d 843; *Bailey v. Mosby Hotel Co.*, 160 Kan. 258, 160 P. 2d 701; *Burk v. American Dist. Tel. Co.*, 160 Kan. 519, 163 P. 2d 402).

In all of the above cases this court approved a finding that the workman's injury arose out of his employment. It would appear that in each of them, the causal connection between the employment and the injury was no greater than in the case at bar. Benson, a railway employee, started a fire by using kerosene in violation of a rule of his employer. Stapleton was moving his household goods from one town to another at the employer's direction and was killed in a highway accident. Bailey, the employee of a subcontractor, was using a freight elevator in order to reach a floor in a hotel where he was to work. Burk was injured during a rest period when his chair slipped causing him to fall.

The appellee argues of course that the appellant was merely

helping the woman driver in this case and was therefore not engaged in his employment, but that seems too narrow a view of the situation. By helping the other driver, appellant was able to open his own way to the bank and thus deposit his employer's money. It would seem that he used quite a reasonable course to accomplish the purpose of his employer, and it is not contended appellant was violating any rule of his employer.

In 1 Larson, Workmen's Compensation 407, sec. 27.21, it is said:

"If the ultimate effect of claimant's helping others is to advance his own employer's work, by removing obstacles to the work or otherwise, it should not matter whether the immediate beneficiary of the helpful.activity is a co-employee, an independent contractor, an employee of another employer, or a complete stranger."

We would also direct attention to the same work, last cited, at page 427, sec. 28, as to acts performed by an employee in an emergency. It should be remembered that appellant had in his care a rather large amount of his employer's money which employer wished to get into the safety of a bank. It was cold and getting dark. The record shows the money was insured only while en route to the bank.

The case of *Wetlaufer v. Howse,* 146 Kan. 500, 71 P. 2d 879, involved the care of an injured truck belonging to the employer, and the return of another borrowed truck without express authority from employer.

In *Oklahoma Railway Co. v. Cannon,* 198 Okla. 65, 176 P. 2d 482, an injury to a street bus driver was found to arise out of his employment when he helped a motorist to extricate himself from a guy wire causing the car to be stalled in a loading zone. It was contended that the bus driver was violating a rule of the company in going to the aid of the motorist.

In *Leary v. Dept. of Labor and Ind.,* 18 Wash. 2d 532, 140 P. 2d 292, a gatekeeper was injured in pushing a stalled car from in front of the employer's gate, and it was held his injury arose out of his employment.

In *Transport Co. of Texas v. Arkansas Fuel Oil Co.,* 210 Ark. 862, 198 S. W. 2d 175, an employee went to help a truck stalled on the highway which was thought to be loaded with merchandise for the employer. The employee was killed. The lower court had rendered a judgment against the widow's claim for workmen's compensation and this was reversed by the supreme court with directions to enter judgment for the claimant since the accident and death arose out of the employment.

Attention is further directed to 58 Am. Jur. 733, sec. 226, where it is said in part:

"Moreover, the tendency of the later cases is toward a more liberal construction of the term 'arising out of the employment,' as applied to street risks, and in the majority of the jurisdictions the recovery of compensation is now permitted where the employee receives a street or highway injury while in the course of his employment, although the employment may not have required his presence on the street or highway continually, but only occasionally or even only on the one occasion on which he was injured, and notwithstanding the fact that others engaged in their own affairs are more or less exposed to the same risks. A 'street peril' within the operation of this rule, is a peril which is peculiar to the use of a street or other public way. The term is generally held to include perils inherent in or arising out of some particular local condition, and those due to the action or operation of human, animal, or mechanical instrumentalities incidental to the use of the street, as distinguished from those resulting directly from what is commonly referred to as an act of God, or from some other occurrence of a general character which is as likely to happen elsewhere. Under this rule, compensation has been allowed for injuries by falling, due to defects in the street, by collision with passing vehicles, by assault, by attacks by animals, and by the overturning of a vehicle in which the employee was riding. An injury to an employee traveling upon a street or highway by being struck by a falling tree has also been held to be compensable as resulting from a 'street hazard' even though the falling of the tree was caused by a severe gale or windstorm."

We believe the court erred in the judgment below based upon undisputed facts. The judgment is reversed with directions to proceed in the case in accord with the views expressed herein. It is so ordered.

Price, J., dissents.