RICHISON v. BOATRIGHT.

5-3357                                        383 S. W. 2d 287

Opinion delivered November 2, 1964.

*John G. Holland,* for appellant.

*Shaw, Jones & Shaw,* for appellee.

GEORGE ROSE SMITH, J. In July of 1959 the appellant was working as a carpenter in the construction of a new roof upon a commercial building in Fort Smith. In the course of his work he stepped through a piece of unsupported roofing felt and fell against the ceiling joists, injuring himself. In 1962 he brought this action for his inuries against the appellee, I. B. Boatright, who was the roofing contractor for the job in question. The jury's verdict was for the defendant. In this court the appellant complains of the trial judge's action in giving or refusing instructions.

At the trial the issues of Richison's contributory negligence and of his assumption of the risk were submitted to the jury. Richison specifically objected to these instructions, insisting that there was no evidence to justify the submission of these questions. We think the court was right in holding that an issue of fact was presented upon each point.

At the time of the accident Richison and the other carpenters had been putting ceiling joists in place and then nailing down decking at right angles to the joists. The roofers worked behind the carpenters, covering the decking with strips of felt. Neither the decking nor the felt had been completely laid when the plaintiff was hurt.

On the afternoon preceding the accident the roofers had caught up with the carpenters, having covered all the completed decking with felt. The unfinished edge of the decking was irregular, apparently because the decking boards were not all the same length. (Upon this point the testimony is not as clear to us as it was to the jury, for the witnesses referred to a model and to diagrams that were not introduced in evidence.) The roofers allowed the felt to overhang the edge of the decking by some eight inches, but the witness McKinney testified that before leaving the job the roofers nailed on a board that completely covered the overhang. Despite this pre-

caution Richison says that the next day he stepped through a piece of unsupported felt.

On the issue of negligence the jury could have found that Richison was at fault. He had assisted in putting down the decking and must have known that the ends of the boards were staggered. The jury could have found that he was careless in walking too close to the edge, even if the protective board referred to by McKinney had somehow been removed. On this point the case is similar to *Headrick* v. *H. D. Cooperage Co.*, 97 Ark. 553, 134 S.W. 957, where the plaintiff stepped into a hole in the floor of a sawmill. He knew that the hole was there, but its exact location had been obscured by an accumulation of sawdust. We held that his contributory negligence was a matter for the jury.

In the same way the defense of assumed risk involved an issue of fact. The jury may have believed that Richison voluntarily exposed himself to danger in walking along the edge of the unfinished work. In *Chicago, R.I. & P. Ry.* v. *Allison,* 171 Ark. 983, 287 S.W. 197, it was held that where a carpenter working on the roof of a caboose tripped and fell over a piece of tin dropped by a fellow worker the defense of assumed risk was properly left to the jury.

It is argued that two other instructions were inherently erroneous. The plaintiff's only pertinent objection was to "all instructions given." Some of the instructions were correct; so this *en masse* objection is unavailing. *Wootton* v. *State,* 232 Ark. 300, 337 S.W. 2d 651. Counsel also relied upon Ark. Stat. Ann. §§ 81-101 and -108 (Repl. 1960) in requesting the court to tell the jury that if Boatright (though not Richison's employer) had control of the laying of the roofing felt it was his duty to furnish the plaintiff a safe place to work. We do not determine whether this statute was intended to enlarge an employer's common law duty to use ordinary care to furnish a safe place to work. By its terms the act applies only to a person having five or more employees. § 81-101. There being no proof that Boatright had that minimum

number of employees, the instruction was properly refused. *Layne-Arkansas Co.* v. *Henderson,* 221 Ark. 691, 255 S.W. 2d 423.

Affirmed.