No. 63,995

CORRINE SAWYER, *Appellant,* v. OLDHAM'S FARM SAUSAGE COMPANY, ARGONAUT INSURANCE COMPANY, and KANSAS WORKERS COMPENSATION FUND, *Appellees.*

(787 P.2d 697)

Opinion filed March 2, 1990.

*John J. Bryan,* of Bryan, Lykins, Hejtmanek & Wulz, P.A., of Topeka, argued the cause, and Dan L. Wulz, of the same firm, was with him on the brief for appellant.

*Richmond M. Enochs,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Steven K. Coffin,* of the same firm, was with him on the brief for appellees Oldham's Farm Sausage Company and Argonaut Insurance Company.

*Natalie G. Haag,* of Davis, Wright, Unrein, Hummer & McCallister, of Topeka, argued the cause, and *Michael J. Unrein,* of the same firm, was with her on the brief for appellee Kansas Workers Compensation Fund.

The opinion of the court was delivered by

SIX, J.: The first issue for review relates to whether we have jurisdiction under K.S.A. 1989 Supp. 44-556(a) to hear the appeal.

We find that we have jurisdiction.

The second issue for review is one of statutory construction, in a workers compensation context, to determine the meaning of "a full hearing on the claim" as set out in K.S.A. 1989 Supp. 44-

534a. The claimant Corrine Sawyer's interpretation was not persuasive with either the administrative law judge, the director, or the trial court. We are extending a fourth tier of consideration to the issue. We agree with the three previous decisions and affirm.

Corrine Sawyer appeals from the judgment of the trial court denying her: (1) medical and disability compensation for the period of September 19, 1985, through January 23, 1987, pursuant to a January 1983 preliminary hearing order, and (2) penalties for nonpayment. Her employer, its insurance carrier, and the Workers Compensation Fund (the Fund) are the respondents. The demand for penalty payments was filed by Sawyer under K.S.A. 1989 Supp. 44-512a. She asserts no claim against the Fund.

The issues considered present questions not previously addressed by an appellate court of this state.

### Facts

The facts are not in dispute but are stated here to provide an understanding of the claims of the parties. The facts are adequately set out in the April 11, 1988, order of the administrative law judge:

"Claimant was injured December 17, 1981. A preliminary hearing was held before a Special Administrative Law Judge, December 29, 1982, at which time temporary total disability benefits, in the amount of $186.68 per week, were ordered paid by the respondent [Oldham's Farm Sausage Company] and insurance carrier [Argonaut Insurance Company] until further order, commencing November 9, 1982, as well as medical treatment until further order. The order was dated January 3, 1983.

"On June 8, 1983, respondent's application to terminate temporary total disability compensation was heard and denied. On January 11, 1985, another application by respondent and insurance carrier to terminate temporary total disability compensation was heard and likewise denied.

"Terminal dates were set for the completion of the taking of evidence and, on or about September 19, 1985, an award was made for temporary total disability benefits, at the increased rate of $187.00 per week, and medical benefits. A review of the Administrative Law Judge's award was taken by the respondent, insurance carrier and fund to the Director, pursuant to K.S.A. 44-551(b), within 10 days after the award was made. Pending the outcome of the review at the Director's level, the respondent and insurance carrier ceased paying temporary total disability benefits, which it had been dutifully paying, pursuant to the orders on preliminary hearing,

pursuant to K.S.A. 44-534a. The temporary total disability benefits were terminated as of October 16, 1985.

"On June 19, 1986, claimant's attorney made demand upon respondent and insurance carrier for payment of the temporary total disability benefits ordered by the Special Administrative Law Judge, January 3, 1983. At that point, there had not been an order entered by the Director on review. The Director's order came down January 23, 1987, modifying the award of September 19, 1985, making an award for 21.71 weeks of temporary total disability compensation and no permanent partial disability compensation. Respondent and insurance carrier paid some $36,000.00 in compensation to claimant under the preliminary hearing order, some $32,000.00 in excess of what was ultimately found to be due to claimant. In essence, claimant contends that the Administrative Law Judge's order entered pursuant to the preliminary hearing remained in effect notwithstanding the award made September 19, 1985."

A district court (the record does not specify which district court) affirmed the director's final award of 21.71 weeks of temporary total disability compensation on April 6, 1987. Apparently, neither the director nor the district court addressed the issue raised in this appeal at the time of the final award. The April 6, 1987, order of the district court affirming the director's award was never appealed by Sawyer.

Sawyer's request for penalties was denied by the administrative law judge. Sawyer requested the director's review, as provided for in K.S.A. 44-551(b). The director affirmed the order of the administrative law judge. Sawyer then petitioned for review to the district court of Jackson County. The district court affirmed the decision of the director.

## Jurisdiction

The Fund argues that we do not have jurisdiction to hear this appeal. The Fund contends that, because Sawyer did not appeal from the April 6, 1987, district court decision affirming the director's award, the case is moot. The administrative law judge's ruling on Sawyer's claim for penalties and additional compensation was made on April 11, 1988, more than one year after the trial court's affirmance of the director's award.

K.S.A. 1989 Supp. 44-556(a) provides in part:

"*Any* action of the director pursuant to the workers compensation act shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions. Such review shall be upon questions of law

and fact as presented and shown by a transcript of the evidence and proceedings as presented . . . ." (Emphasis added.)

"Decisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases." K.S.A. 77-623. Since K.S.A. 1989 Supp. 44-556 provides for judicial review of any action of the director, we have jurisdiction to hear this appeal. "In the appeal of a workmen's compensation case under G. S. 1957 Supp. 44-556, the supreme court has full authority to review questions of law." *Roth v. Hudson Oil Co.*, 185 Kan. 576, Syl. ¶ 1, 345 P.2d 627 (1959).

This appeal involves the nonpayment of temporary total disability benefits that were awarded on a preliminary basis but were later determined not to be owed. Under the April 6, 1987, final award of the district court, Sawyer has already received benefits greatly in excess of what was ultimately determined to be owed to her. She did not appeal from this judgment of the district court, but demanded back payments and penalties pursuant to the preliminary order.

We do not know why the issues raised herein were not considered by the administrative law judge, the director, or the trial court in its April 6, 1987, affirmance of the final award. Those proceedings are not in the record before us.

We view K.S.A. 1989 Supp. 44-556 as controlling. The director took action on Sawyer's claims for benefits and penalties after the April 6, 1987, district court affirmance; consequently, we have jurisdiction.

### K.S.A. 1989 Supp. 44-534a

Pursuant to a preliminary hearing, Sawyer was awarded temporary total disability benefits of $186.68 a week in January 1983. K.S.A. 1989 Supp. 44-534a provides in part:

"After filing an application for a hearing pursuant to K.S.A. 44-534 and amendments thereto, the employee may make application for a preliminary hearing, in such form as the director may require by rules and regulations, on the issues of the furnishing of medical treatment and the payment of temporary total disability compensation . . . . Upon a preliminary finding that the injury to the employee is compensable and in accordance with the facts presented at such preliminary hearing, the director or administrative law judge may make a preliminary award of medical compensation and temporary total disability compensation *to be in effect pending the conclusion of a full hearing on the claim.* . . . No such preliminary findings or pre-

liminary awards shall be appealable by any party to the proceedings, and the same shall not be binding in a full hearing on the claim, but shall be subject to a full presentation of the facts." (Emphasis added.)

"The fundamental rule of statutory construction is that the intent of the legislature governs. [Citation omitted.] When construing a statute, a court should give words in common usage their natural and ordinary meaning." *Hill v. Hill,* 13 Kan. App. 2d 107, 108, 763 P.2d 640 (1988).

A regular hearing was held, and the administrative law judge made his award on September 19, 1985. The September 19 award marked the "conclusion of a full hearing on the claim" as contemplated by K.S.A. 1989 Supp. 44-534a. The preliminary award was terminated as of that date. Pursuant to K.S.A. 44-551(b), the respondents made a timely application to the director for review of the administrative law judge's award.

In *Harper v. Coffey Grain Co.,* 192 Kan. 462, Syl. ¶ 3, 388 P.2d 607 (1964), we held that:

"an award of the examiner in a workmen's compensation case does not become the final award of the director until the expiration of ten days after it is filed, or until a request for review, filed within the ten-day period by an interested party, is determined by the director."

The *Harper* court held that, until a workers compensation award becomes a final award pursuant to the rule stated above, the compensation is not due the claimant and the claimant cannot invoke the provisions of 44-512a. K.S.A. 1989 Supp. 44-512a sets out the procedure under which an injured employee can enforce the award of compensation when the employer or its insured has failed to pay compensation when due. This action arose because of a demand for payment of compensation filed by Sawyer pursuant to K.S.A. 1989 Supp. 44-512a.

Sawyer contends that, because the September 1985 award did not become a final award pursuant to the Act until the review by the director, the January 1983 award remained in effect. The respondents contend that the September 1985 award terminated the January 1983 award. The parties seem to agree that if the September 1985 award terminated the temporary January 1983 award, the respondent was not obligated to make any payments to Sawyer pending the final order of the director.

Sawyer argues that, because an award does not become final until review by the director pursuant to K.S.A. 44-551, "the conclusion of a full hearing on the claim" has not occurred until the director has reviewed the award. The respondents argue that K.S.A. 1989 Supp. 44-534a is unambiguous. They contend that if the legislature had meant for a preliminary award to remain in effect until the final award of the director, the statute would have said "final award of the director," rather than "the conclusion of a full hearing on the claim."

Sawyer reasons that to disallow the payment of preliminary benefits during the pendency of review of the award of final benefits would be contradictory to the purpose and intent of the Workers Compensation Act. "This court has long been committed to the rule of liberal construction of the Workmen's Compensation Act in order to award compensation to a workman where it is reasonably possible to do so." *Chapman v. Wilkenson Co.*, 222 Kan. 722, Syl. ¶ 2, 567 P.2d 888 (1977).

The administrative law judge, the director, and the district court concluded that Sawyer was not entitled to any more benefits. In fact, Sawyer, according to the administrative law judge, received approximately $32,000 in excess of what was ultimately determined to be owed to her. She now seeks penalties pursuant to K.S.A. 1989 Supp. 44-512a for nonpayment of benefits to which she is not entitled.

The district court made the following analysis:

"As it so happens in this case, the award was made for temporary total disability compensation, the same as was ordered in the Special Administrative Law Judge's order following the preliminary hearing. In most cases, however, an award is made for permanent partial disability compensation rather than ongoing temporary total disability compensation. To put the matter into perspective, if the award had been for, say, twenty one (21) weeks of temporary total disability compensation and three hundred ninety four (394) weeks of permanent partial disability compensation, at the rate of 10%, can there be any serious doubt but what the award would have superseded the preliminary hearing order? It would appear that the Respondent and Insurance Carrier under such circumstances would have a right to make no payment under the award until the matter was ruled upon by the Director. During the interim, surely no remedy would lie by the Claimant for the enforcement of an order for temporary total disability compensation entered prior to the award, which was contradictory to it. Using the same analogy here, Claimant's request for penalties should fail."

The administrative law judge, the director, and the district court all agreed that the respondents did not owe penalties under K.S.A. 1989 Supp. 44-512a. "We give great weight and judicial deference under the doctrine of operative construction to the interpretation of a statute by the adminstrative body charged with enforcing the statute." *National Gypsum Co. v. Kansas Employ-ment Security Bd. of Review,* 244 Kan. 678, 682, 772 P.2d 786 (1989).

The phrase, "the conclusion of a full hearing on the claim," appearing in K.S.A. 1989 Supp. 44-534a, refers to the date of the award entered by the administrative law judge as a result of the hearing held after the preliminary hearing. The "preliminary award" referred to in K.S.A. 1989 Supp. 44-534a is terminated as of that date. The review by the director referred to in K.S.A. 44-551(b) does not determine "the conclusion of a full hearing on the claim."

Affirmed.